IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>vs.<br><br>LATROI DEVON NEWBINS,<br>        Defendant. | CASE NO: **2:20CR182 DBB**<br><br>**DETENTION ORDER** |

  The defendant is on supervised release and has been accused of violating it. The court held a detention hearing under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1). The court concludes the defendant must be detained pending the revocation hearing.

  Based on the information of record, the court finds that the defendant's release would pose an unmanageable risk of harm to the public. The defendant has simply failed to meet the burden under Federal Rule of Criminal Procedure 32.1(a)(6) of proving the risks posed to be manageable, by clear and convincing evidence.

  Specifically, the court finds that the defendant

- [x] has a criminal record which indicates a propensity to violate the law and court orders;
- [ ] has a criminal record which indicates a propensity to violate court orders;
- [x] has violated the conditions of release previously imposed by the court;
- [ ] has a propensity to harm or threaten harm to others;
- [x] is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;
- [ ] was not truthful with probation and therefore poses a substantial risk of noncompliance with supervision;
- [ ] is not a United States citizen, is subject to an ICE detainer, and faces deportation;
- [ ] is not a United States citizen and could flee the country before trial;
- [ ] has substantial contacts with a foreign country and could flee the country before trial;
- [ ] has limited contacts with the community;
- [ ] lacks a stable residence;
- [ ] has limited employment contacts;
- [ ] has failed to appear for court proceedings in the past;
- [ ] is currently in state custody;
- [x] committed the alleged crime while on supervision;
- [ ] committed the alleged crime while on bond;
- [ ] has mental health issues which will pose a risk of harm if the defendant is released;
- [ ] waived the right to a detention hearing;

and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Defendant was able to show by clear and convincing evidence that he poses a manageable risk of nonappearance. He has family and employment ties to Utah and, therefore, has carried his burden as to that prong of Fed. R. Crim. P. 32.1. However, the court finds that defendant has not carried his burden to show that he is a manageable danger to the community by clear and convincing evidence because his criminal history reflects trouble abiding by commands of law enforcement as evidenced by his underlying conviction and the allegations that he obtained a new residence for approximately 3 months without informing his probation officer, and was repeatedly ignoring the order to stop by law enforcement after he received a firearm that he is legally precluded from possessing. This evidence precludes a finding by clear and convincing evidence that defendant is a manageable risk of danger to the community (i.e., the likelihood he will commit crime). Therefore, he is detained pending resolution of these allegations.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated January 8, 2024

BY THE COURT:

_____
Magistrate Judge Jared Bennett